IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMAN ABDULAZIZ, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:12-cv-2925 |
| | § | |
| | § | |
| SAM HOUSTON STATE | § | |
| UNIVERSITY, | § | |
| SAM HOUSTON STATE POLICE | § | |
| DEPARTMENT, | § | |
| OFFICER DAN GOODBREAD, | § | |
| OFFICER DAVID WARNER, | § | |
| OFFICER ROCKY CARRELL, | § | |
| LIEUTENANT RON CLEER, | § | |
| OFFICER MATT PATTERSON, | § | |
| AND JOHN DOES 1-5 | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM & ORDER

Pending before the Court is Sam Houston State University ("SHSU") and Sam Houston State Police Department's ("SHSUPD") Amended Motion to Dismiss (Doc. No. 11). After considering the Motion, the response, and the applicable law, the Court finds that said Defendants' Motion should be **GRANTED** without prejudice.

**I. BACKGROUND**

Plaintiff Aman Abdulaziz brings this action pursuant to 42 U.S.C §§ 1983 and 1988 against SHSU and SHSUPD, Officer Dan Goodbread, Officer David Warner,

1

Officer Rocky Carrell, Lieutenant Ron Cleer, Officer Matt Patterson, and John Does 1-5 individually and in their official capacities.

On October 1, 2010, Abdulaziz returned to his car that was parked outside of a dormitory at SHSU (Doc. No. 10, ¶ 9 [Amended Complaint]). As he approached the vehicle, he was allegedly confronted by Defendant John Does of the SHSUPD. *Id.* Plaintiff claims that the officers asked him why he was illegally parked and asked for his license and registration. The officers also requested to search the vehicle. *Id.*

Abdulaziz allegedly went into his car to find his registration. *Id.* at ¶10. Plaintiff claims that, after he exited the car, the officers attacked him. *Id.* Plaintiff states that he had not committed a crime, attempted to flee, or resist arrest; however, he was slammed to the ground after an officer did a hook maneuver under his legs. *Id.* He was then repeatedly kicked in the face, choked, and kneed in the back. *Id.* Plaintiff alleges that the whole incident was recorded by the dashboard cameras of one of the officers. *Id.* at ¶11. Plaintiff further alleges that, in the video, he can be heard moaning in pain, as well as repeatedly asking "Why are you kicking me?" In addition, Plaintiff claims that one of the officers can be heard boasting about the assault afterwards, stating "I was choking the shit out of him." *Id.*

After being assaulted, Abdulaziz claims that he was falsely arrested and charged with assault of a police officer as well as possession of marijuana. *Id.* at ¶12. Plaintiff states that, even though the charges were eventually dismissed, he was faced with thousands of dollars in legal fees and was expelled from school. *Id.*

Plaintiff claims that Defendants are liable under § 1983 for violating his Fourth and Fourteenth Amendment Rights. Plaintiff alleges that SHSUPD has a policy and/or

practice of failing to train officers and not reporting excessive force. Plaintiff also argues that Defendants are liable for punitive damages since they were consciously indifferent to Abdulaziz's constitutional rights.

After initiating this suit pro se, Abdulaziz retained counsel and submitted an Amended Complaint. Defendants SHSU and SHSUPD filed an Amended Motion to Dismiss. Plaintiff missed his deadline to respond. Plaintiff initially entered his response without first being granted leave, but the Court did subsequently grant leave. Thus, his Response (Doc. No. 13) shall be considered.

## II. LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b)(1)

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States,* 899 F.Supp. 305, 307 (E.D.Tex.1995); *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.1980).

### B. Fed. R. Civ. P. 12(b)(6)

The standard of review applicable to motions to dismiss under Rule 12(b)(1) is similar to that applicable to motions to dismiss under Rule 12(b)(6). *See Williams v. Wynne,* 533 F.3d 360, 364–65 n. 2 (5th Cir.2008) (observing that the Rule 12(b)(1) and

Rule 12(b)(6) standards are similar, but noting that applying the Rule 12(b)(1) standard permits the Court to consider a broader range of materials in resolving the motion). A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Iqbal*, 129 S. Ct. at 1950 (citation omitted).

Additionally, "when a plaintiff sues a public official under [Section] 1983, the district court must insist on heightened pleading by the plaintiff." *Morin v. Caire*, 77 F.3d 116, 121 (5th Cir. 1996) (citing *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.

4

1995)). In such cases, "a plaintiff cannot be allowed to rest on general characterizations, but must speak to the factual particulars of the alleged actions, at least when those facts are known to the plaintiff and are not peculiarly within the knowledge of defendants." *Schultea*, 47 F.3d at 1432. "Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injury." *Reyes v. Sazan,* 168 F.3d 158, 161 (5th Cir. 1999)

## III. ANALYSIS

Section 1983 provides injured plaintiffs with a cause of action when they have been deprived of federal rights under color of state law. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). The statute reads:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. In order to state a cause of action under § 1983, a plaintiff must (1) allege a violation of rights secured by the constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person [or entity] acting under color of state law. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d at 215. Plaintiff also alleges a cause of action under 42 U.S.C. § 1988, which provides that, in a federal civil rights action, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs…" See 42 U.S.C. § 1988(b). The Act declares that, in suits under 42 U.S.C. § 1983 and certain other statutes, federal courts may award prevailing parties reasonable attorney's fees "as part of the costs." *Hutto v. Finney*, 437 U.S. 678 (1978). The Court shall not consider attorney's fees under

42 U.S.C. § 1988 unless Plaintiff has a viable cause of action under § 1983. Defendant brings forth the following three arguments with regard to § 1983: 1) Plaintiff lacks standing, 2) Defendants SHSU and SHSUPD have Eleventh Amendment Immunity, and 3) Plaintiff cannot obtain injunctive or monetary relief against Defendants.

**A. Standing**

Defendants argue that Plaintiff lacks standing to bring this lawsuit. "[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke jurisdiction must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990). Standing requires plaintiffs to demonstrate they have suffered an "injury in fact," that is "fairly traceable" to the defendant's conduct, and that will "likely…be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Defendants argue that Plaintiff's damages are not "fairly traceable" to Defendant SHSU. However, Defendants do not contest that SHSU was the employer of the listed officers and John Does 1-5, who allegedly assaulted Plaintiff. Defendants' other basis for claiming a lack of standing is that Plaintiff's injury cannot be redressed by a favorable decision because Defendant is barred from bringing this suit by the Eleventh Amendment.

The Fifth Circuit has referred to the Eleventh Amendment's restriction in terms of subject matter jurisdiction. *See, e.g., Warnock v. Pecos County, Texas,* 88 F.3d 341, 343 (5th Cir.1996) ("Because [Eleventh Amendment] sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice."); *John G. and Marie Stella Kenedy Mem'l Found. v. Mauro,* 21 F.3d 667, 673–75 (5th Cir.1994) (finding that the district court erred in

ruling on motion for partial summary judgment if the Eleventh Amendment deprived the court of subject matter jurisdiction); *McDonald v. Board of Miss. Levee Comm'rs,* 832 F.2d 901, 906 (5th Cir.1987) (quoting *Crane v. Texas,* 759 F.2d 412, 415 (5th Cir.1985)) ("[E]leventh Amendment immunity is a jurisdictional issue that 'cannot be ignored, for a meritorious claim to that immunity deprives the court of subject matter jurisdiction of the action.' ") The Court follows the majority approach of considering Eleventh Amendment immunity as an issue of subject matter jurisdiction under 12(b)(1). The Court recognizes that Defendants filed this Motion under 12(b)6) rather than 12(b)(1), but will consider it under 12(b)(1). When grounds for dismissal may exist under both Rule 12(b)(1) and Rule 12(b)(6), the Court should dismiss only under the former without reaching the question of failure to state a claim. *Hitt v. Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977); *Brown v. Peterson*, 7:03 CV 0205, 2006 WL 349805 (N.D. Tex. Feb. 3, 2006) (though Defendant filed motion under 12(b)(1), court found noncompliance with a filing deadline was not a jurisdictional argument, and considered Defendant's claim under 12(b)(6)); *King v. Life Sch.*, 809 F. Supp. 2d 572, 578 (N.D. Tex. 2011). Thus, the Court proceeds to the question of whether the Eleventh Amendment bars Plaintiff's claim against SHSU and SHSUPD.

**B. Immunity from Suit under the Eleventh Amendment**

Defendants argue that it is a well-settled principle that the Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Texas or any of its agencies, regardless of the relief sought, unless sovereign immunity is expressly waived. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100-02 (1984). Eleventh Amendment immunity is not absolute: a state may consent to suit or Congress

may, in certain instances, abrogate the states' Eleventh Amendment immunity. *Port Auth. Trans–Hudson Corp. v. Feeney,* 495 U.S. 299, 304 (1990) (internal citations omitted). However, "absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (internal quotations omitted). The Court notes that, in enacting § 1983, Congress did "not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States." *Quern v. Jordan,* 440 U.S. 332, 345, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

SHSU, including SHSUPD, is classified as a general academic teaching institution under Texas law, and is therefore an agency of the state. Tex. Educ. Code Ann. § 61.003(3); *Montgomery v. Univ. of N. Texas*, 4:10-CV-73, 2011 WL 2745930 (E.D. Tex. June 14, 2011). A university system is included in the definition of "unit of state government." S*ee Chavez v. Arte Publico Press,* 204 F.3d 601, 603 (5th Cir.2000) (University of Houston is a state entity that enjoys Eleventh Amendment immunity); *Wallace v. Tex. Tech Univ.,* 80 F.3d 1042, 1047 n. 3 (5th Cir.1996) ("Texas Tech, as a state institution, clearly enjoys Eleventh Amendment immunity."); *My–Tech, Inc. v. Univ. of North Tex. Health Sci. Ctr.,* 166 S.W.3d 880, 882–83 (Tex.App.-Dallas 2005, pet. denied) (Health Science Center "is a state institution and thus benefits from the doctrine of sovereign immunity.") Plaintiff does not contest that SHSU and its police force are state institutions, and thus immune from suit in federal court. Rather, Plaintiff argues that a municipality should be liable when there is a policy applied in an unconstitutional manner by a city employee. However, as demonstrated from the case

8

law, SHSU is a state agency, not a municipality. Thus, the Eleventh Amendment bars claims against SHSU and SHSUPD.

### C. Injunctive or Monetary Relief

Defendants also argue that the Eleventh Amendment bars suits against the state for injunctive or monetary relief. *Cozzo v. Tangipahoa Parish Council--President Gov't,* 279 F.3d 273, 280 (5th Cir. 2002).  An exception to Eleventh Amendment immunity, under *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), applies only if a suit alleging violations of federal law is "brought against individual persons in their official capacities as agents of the state, and the relief sought [is] declaratory or injunctive in nature and prospective in effect." *Aguilar v. Texas Dep't of Crim. Justice,* 160 F.3d 1052, 1054 (5th Cir.1998). The *Young* exception applies only where there is an "allegation of an ongoing violation of federal law where the requested relief is prospective." *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 281, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997). However, Plaintiff does not request declaratory or injunctive relief, nor does he allege an ongoing violation. Rather, he seeks monetary and punitive damages.  Thus, the *Young* exception does not apply.

The Court finds that SHSU and SHSUPD must be dismissed from the case, as claims against these educational entities are claims against the State. Plaintiff has not directed the court to authority demonstrating that the state has waived its immunity. Accordingly, all of plaintiff's § 1983 claims against SHSU and SHSUPD are barred by Eleventh Amendment immunity. Because the court's dismissal based on a lack of subject matter jurisdiction is not a determination of the merits, Defendants' Motion to Dismiss is **GRANTED** without prejudice. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th

Cir.1977) (per curiam). Plaintiff's claims against the individual officers are not affected by this Order, and survive this Motion to Dismiss.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 25th day of April, 2013.

KEITH P. ELLISON

UNITED STATES DISTRICT JUDGE